[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2009
THOMAS K. KAHN
CLERK

----------------------------------------
No. 07-15989
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 07-00038-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE BOYKIN,

Defendant-Appellant.

-------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
-------------------------------------

**(January 27, 2009)**

Before EDMONDSON, Chief Judge, and BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Terrance Boykin appeals his sentence for conspiracy to distribute and possess with intent to distribute more than 5 grams of cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)-(iii), 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). We affirm the sentence.

I.

Boykin was charged with three drug-related offenses. He pleaded guilty to two of those offenses: (1) conspiracy to distribute and possess with intent to distribute more than 5 grams of cocaine base and more than 500 grams of cocaine; and (2) possession of a firearm in furtherance of a drug trafficking crime. The district court accepted Boykin's guilty plea, ordered a pre-sentence investigation report, and scheduled the matter for sentencing.

At sentencing, Boykin did not object to the calculation of the Federal Sentencing Guidelines range, which was 322 to 387 months' imprisonment. Instead, Boykin asked the district court to impose a sentence below that range because, in his opinion, it overstated his criminal history and he had cooperated

with the government after his arrest.  The district court rejected that request and sentenced Boykin to 322 months' imprisonment.  Boykin appeals.

II.

We review the reasonableness of a sentence for an abuse of discretion.  Gall v. United States, 128 S. Ct. 586, 596-97 (2007).  The party challenging the sentence must show that it is unreasonable in the light of the record and the factors in 18 U.S.C. § 3553(a).  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  Here, Boykin claims that his sentence is procedurally unreasonable because the district court treated the Guidelines as mandatory.  Gall, 128 S. Ct. at 597 (procedural error if court treats Guidelines as mandatory).

We see no procedural error in this case.  At sentencing, the district court expressly noted that it considered the Guidelines merely advisory and not mandatory.  The district court also acknowledged that it was authorized under Supreme Court and Eleventh Circuit precedent to depart from the Guidelines if the suggested range did not adequately capture the section 3553(a) factors.  But because of Boykin's "particular criminal history" and the "circumstances of [his] offense," the district court determined that a sentence at the low end of the

3

Guidelines range was warranted "to accomplish the purposes set forth in 3553(a)[.]" Based on these facts, Boykin's sentence was not procedurally unreasonable.

## III.

Boykin's sentence is affirmed.

AFFIRMED.